IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TINIAN SYSTEMS, LLC** <br> **dba TINIAN COMMUNICATIONS** <br><br> *Plaintiff* <br><br> vs. <br><br> **ALPHA CAPITAL PARTNERS LLC;** <br> **ALPHA 270 PARK PLACE LLC;** <br> **AKINJIDE FAMUAGUN; LAWUNMI** <br> **FAMUAGUN; THOMAS MCGAHAN;** <br> **MARC MUNICHMAN; ERIK FARGO;** <br> **and MAXWELL BAKER** <br><br> **Defendants** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CASE NO. 5:20-cv-00874** |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tinian Systems, LLC dba Tinian Communications ("Tinian"), Plaintiff herein, and files this its Original Complaint complaining of Alpha Capital Partners LLC, Alpha 270 Park Place LLC, Akinjide ("Jide") Famuagun, Lawunmi Famuagun, Thomas McGahan, Marc Munichman, Erik Fargo and Maxwell Baker (collectively, "Alpha"), Defendants herein, and in support thereof would respectfully show the Court as follows:

**I.**

**PARTIES**

1. Plaintiff, Tinian, is a Florida limited liability company formed and existing under the laws of the State of Florida and duly authorized to do business in the State of Texas.

2. Defendant, Alpha Capital Partners, LLC, is a private equity real estate investment company formed and existing under the law of the Commonwealth of Pennsylvania. Defendant Alpha Capital Partners LLC is liable for all acts and omissions of its subsidiary, Defendant Alpha 270 Park Place, LLC. Defendant Alpha Capital Partners LLC may be served with process through its CEO/Co-Founder, Akinjide ("Jide") Famuagun at 380 Southpointe Blvd. Plaza II, Suite 325, Canonsburg, PA 15317 or at 2 Devon Circle, Paoli, PA 19301.

3. Defendant, Alpha 270 Park Place, LLC, is special purpose entity formed by Alpha Capital Partners, LLC and existing under the laws of the State of Texas for the purpose of acquiring the Property and a wholly owned subsidiary of Alpha Capital Partners, LLC. Defendant Alpha 270 Park Place, LLC may be served with process through its registered agent, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

4. Defendant, Akinjide ("Jide") Famuagun, is an individual who is the Co-Founder and CEO of Alpha Capital Partners, LLC, and may be served with process at 380 Southpointe Blvd., Plaza II, Suite 325, Canonsburg, PA 15317, or wherever he may be found.

5. Defendant, Lawunmi Famuagun, is an individual who is the Co-Founder and Management Director of Administration of Alpha Capital Partners LLC and may be served with process at 380 Southpointe Blvd., Plaza II, Suite 325, Canonsburg, PA 15317, or wherever he may be found.

6. Defendant Thomas McGahan is an individual who is the Management Director of Investment & Analytics of Alpha Capital Partners, LLC and may be served with process at 380 Southpointe Blvd., Plaza II, Suite 325, Canonsburg, PA 15317, or wherever he may be found.

7. Defendant Marc Munichman is an individual who is a Board Member of Alpha Capital Partners, LLC and may be served with process at 380 Southpointe Blvd., Plaza II, Suite 325, Canonsburg, PA 15317, or wherever he may be found.

8. Defendant, Erik Fargo, is an individual who is General Counsel for Alpha Capital Partners, LLC and may be served with process at 44 Abele Road, Beacon I, Suite 304, Bridgeville, PA 15017, or wherever he may be found.

9. Defendant, Maxwell Baker, is an individual who is Operational Counsel for Alpha Capital Partners, LLC and may be served with process at 44 Abele Road, Beacon I, Suite 304, Bridgeville, PA 15017, or wherever he may be found.

## II.

## JURISDICTION

10. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332(a).

11. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs

12. This action involves a contract (the "Contract") dated October 14, 2014 by and between Tinian and LLHR Investments, LLC ("LLHR") for the provision of satellite television, high-speed Internet and other digital communications services to the owner and residents of that certain multi-family residential real estate development known as Park Place Landing (the "Property"), located at 270 Park Place Drive, Kenedy, Karnes County, Texas.

## III.

## **FACTS**

13. Section 4.4 of the Contract requires that upon sale of the Property or change in control of the owner, the owner must purchase from Tinian equipment (referred to in the Contract as "Acquirable Infrastructure") installed by Tinian at the Property for the provision of services by paying to Tinian an "Infrastructure Acquisition Fee."

14. The amount of the Infrastructure Acquisition Fee is calculated based on the "Agreement Year" in which the Property sale or change in ownership occurs, as set forth in a table incorporated into Section 2 of Exhibit G to the Contract.

15. Section 8.1 of the Contract deals with assignment of the Contract, as follows:

> This Agreement is binding upon and inures to the benefit of the Owner and Company and their respective successors and assigns. Company may assign its interest in this Agreement and its rights and obligations hereunder. If the Property is sold, conveyed or otherwise transferred, the sale, conveyance or transfer will be made subject to this Agreement, and the Owner will have no liability for any obligations arising under this Agreement after any sale, conveyance or transfer if (a) proper notice is delivered to all parties involved in the transfer or assignment as set forth in this Section 8.1, (b) the transferee expressly assumes this Agreement and all of Owner's responsibilities hereunder in writing and (c) the Owner has paid the Company the entire Infrastructure Acquisition Fee.  Owner will notify Company of any assignment and assumption within 30 days of a proposed assignment. Any Easement and/or other rights and interests that Owner has granted to Company in this Agreement are obligations not only of the Owner, but run with the land and thus also are obligations of all subsequent owners, home- or unit-owners' association and any others who may claim any right, title, or interest in the Property or any portion thereof, including but not limited to any transferee that acquires the Property or any interest therein by way of foreclosure or similar proceeding.  Therefore, the rights and obligations granted to Company in this Agreement and any Easement granted herein or in connection with this Agreement run with title to the Property and bind each subsequent owner of all or any portion of the Property.  Owner agrees that any such easement and/or the other rights and interests granted by Owner to Company

under this Agreement constitute interests in real estate and that such other rights and interests are irrevocably coupled with those interests in real property granted to Company by virtue of this Agreement and any such Easement and for the purposes contemplated therein.

16. Upon information and belief, on or about July 16, 2018, LLHR conveyed the Property to Alpha. As part of that transaction, LLHR assigned to and Alpha assumed the owner's obligations under the Contract.

17. At the time of the conveyance to Alpha, Alpha had, or should have had, actual knowledge that LLHR had not paid to Tinian the applicable Infrastructure Acquisition Fee.

18. On or about March 5th 2020, Alpha notified Tinian that Alpha intended to convey the Property to Circulo Park Place, LLC ("Circulo"), a Texas limited liability company.

19. Alpha failed to provide Tinian with 30 days' notice of the proposed assignment to Circulo as required under the Contract.

20. Tinian notified Alpha, that, Alpha would owe Tinian, the Infrastructure Acquisition Fee before or at the time of the contemplated conveyance.

21. Upon information and belief, on or about March 13, 2020, Alpha conveyed the Property to Circulo. As part of that transaction, Alpha assigned to and Circulo assumed the owner's obligations under the Contract.

22. At the time of the conveyance to Circulo, Alpha had not paid to Tinian the applicable Infrastructure Acquisition Fee.

23. Pursuant to the Contract, Defendants were required to pay to the Plaintiff the applicable Infrastructure Acquisition Fee, prior to or at the time of the conveyance.

24. Plaintiff has performed all of its duties under the Contract and, despite Alpha's failure to provide Tinian with 30 days notice of the proposed assignment, Tinian did not chill or

in any way, slow the conveyance of the property to Circulo, despite notifying the Defendant that Tinian was owed the Infrastructure Acquisition Fee, pursuant to the Contract.

25. Plaintiff has been forced to retain the law firms of The Kandutsch Law Office and The Floyd Firm, to enforce its rights under the Contract and with respect to the Infrastructure Acquisition Fee. Plaintiff has incurred attorney fees and will continue to incur additional attorney fees and expenses in this action.

## IV.

## CAUSES OF ACTION AND DAMAGES

**A.    Count One – Breach of Contract**

26. Plaintiff realleges and incorporates paragraphs 1 through 25 herein.

27. As a result of Defendants' breach of the Contract, as set forth herein, Plaintiff incurred substantial damages.

**B.    Count Two – Unjust Enrichment**

28. Plaintiff realleges and incorporates paragraphs 1 through 27 herein.

29. As a result of Defendants' failure to pay to Plaintiff the applicable Infrastructure Acquisition Fee as required in the Contract, Defendants have received at Plaintiff's expense a substantial benefit under circumstances that would make it unjust for the Defendants to retain the benefit without commensurate compensation to the Plaintiff.

**C.    Fraud**

30. Plaintiff realleges and incorporates paragraphs 1 through 29 herein.

31. Plaintiff relied on the representatives of Defendants. On information and belief, Plaintiff believes that the Defendants had no intention to pay Plaintiff the applicable Infrastructure Acquisition Fee as required by the Contract when they failed to timely notice Plaintiff that they

were conveying the Property to Circulo, and when after being notified of Defendants' obligation, sold the Property and transferred the proceeds so as to frustrate Plaintiff's ability to collect monies rightfully owed to it by contract.

32. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages.

### D. Civil Conspiracy

33. Plaintiff realleges and incorporates paragraphs 1 through 32 herein.

34. Pleading further and in the alternative, the Defendants entered into a civil conspiracy with each other and others and agreed to use unlawful means to accommodate an unlawful purpose to Plaintiff's detriment. These actions by Defendants and potential parties to accomplish unlawful acts by Defendants and others. As the conspiracy was successfully concluded with Defendants' failure to pay the Infrastructure Acquisition Fee. Defendants' actions as their part of a civil conspiracy to defraud Plaintiff, proximately caused the damages to Plaintiff. Plaintiff was and continues to be damaged as a direct and proximate result of the civil conspiracy between, by and amongst the Defendants and other potential parties. As a result of the conspiracy, Plaintiff has been damaged in an amount exceeding the jurisdictional limits of this Court. Plaintiff seeks recovery of these damages from Defendants, jointly and severally.

### E. Attorney's Fees

35. Plaintiff realleges and incorporates paragraphs 1 through 34 herein.

36. Plaintiff is entitled to recover its reasonable and necessary attorney's fees from Defendants.

## V.

## **JURY DEMAND**

37. Plaintiff hereby makes a jury demand.

## VI.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tinian requests that Defendants Alpha be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants, jointly and severally, as follows:

1. Damages suffered by Plaintiff due to Defendants' breach of the Contract;

2. Damages suffered by Plaintiff due to Defendants' unjust enrichment;

3. Damages suffered by Plaintiff due to Defendants' fraud;

4. Damages suffered by Plaintiff due to Defendants' conspiracy;

5. Reasonable and necessary attorney's fees incurred in the prosecution of this lawsuit;

6. Costs of suit;

7. Pre-judgment interest;

8. Interest after Judgment at the highest rated allowed by law from the date of Judgment until paid on all sums awarded, including court costs; and,

9. Such other and further relief, at law or in equity, to which Plaintiffs may prove themselves justly entitled.

Respectfully submitted,

___/s/ James N. Floyd_____
James N. Floyd
State Bar No. 07182400

THE FLOYD FIRM
P.O. Box 101021
Fort Worth, Texas 76185
(817) 926-1500
(817) 717-8615 Facsimile
jim@thefloydfirm.com

ATTORNEY FOR PLAINTIFF