IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TINIAN SYSTEMS, LLC | § | |
| d/b/a TINIAN COMMUNICATIONS | § | |
| | § | |
| V. | § | |
| | § | |
| ALPHA CAPITAL PARTNERS LLC; | § | CIVIL ACTION NO. 5:20-cv-0874 |
| ALPHA 270 PARK PLACE LLC; | § | |
| AKINJIDE FAMUAGUN; LAWUNMI | § | |
| FAMUAGUN; THOMAS McGAHAN; | § | |
| MARC MUNICHMAN; ERIK FARGO; | § | |
| And MAXWELL BAKER | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Alpha Capital Partners LLC; Alpha 270 Park Place LLC; Akinjide Famuagun; Lawunmi Famuagun; Thomas McGahan; Marc Munichman; Erik Fargo and Maxwell Baker (hereinafter collectively referred to as "Defendants"), by and through their counsel, Steptoe & Johnson PLLC, hereby answer the Complaint of Tinian Systems, LLC, d/b/a Tinian Communications ("Tinian").

## A.  ADMISSIONS AND DENIALS

1.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint.

2.    Regarding Paragraph 2 of the Complaint, Defendants admit that Defendant, Alpha Capital Partners, LLC, is a private equity real estate investment company.  Defendants deny that Defendant, Alpha Capital Partners, LLC, was formed and existing under the laws of the Commonwealth of Pennsylvania as it is a Delaware company.  Defendants admit that Alpha 270 Park Place, LLC is a subsidiary of Alpha Capital Partners, LLC.  Defendants admit that Akinjide

("Jide") Famuagun is the CEO/co-founder of Alpha Capital Partners, LLC.  The remaining allegations in Paragraph 2 are conclusions of law and therefore require no answer.

3.      Regarding Paragraph 3 of the Complaint, Defendants admit that Alpha 270 Park Place, LLC is a special purpose entity formed by Alpha Capital Partners, LLC under the laws of the State of Texas for the purpose of acquiring a multi-family residential real estate development known as Park Place Landing, located at 270 Park Place Drive, Kenedy, Karnes County, Texas. Defendants admit that Alpha 270 Park Place, LLC is a wholly owned subsidiary of Alpha Capital Partners, LLC.  Defendants admit that Alpha 270 Park Place, LLC's registered agent in Texas is Cogency Global, Inc.  The remaining allegations in Paragraph 3 are conclusions of law and therefore require no answer.

4.      Regarding Paragraph 4 of the Complaint, Defendants admit that Akinjide ("Jide") Famuagun is the CEO/co-founder of Alpha Capital Partners, LLC.  The remaining allegations in Paragraph 4 are conclusions of law and therefore require no answer.

5.      Regarding Paragraph 5 of the Complaint, Defendants admit that Lawunmi Famuagun is a co-founder and Managing Director, Administration of Alpha Capital Partners, LLC. The remaining allegations in Paragraph 5 are conclusions of law and therefore require no answer.

6.      Regarding Paragraph 6 of the Complaint, Defendants admit that Thomas McGahan is the Managing Director of Investment and Analytics of Alpha Capital Partners, LLC.  The remaining allegations in Paragraph 6 are conclusions of law and therefore require no answer.

7.      Regarding Paragraph 7 of the Complaint, Defendants deny that Marc Munichman is a Board Member of Alpha Capital Partners, LLC.  The remaining allegations in Paragraph 7 are conclusions of law and therefore require no answer.

8.      Regarding Paragraph 8 of the Complaint, Defendants admit that Erik Fargo is General Counsel for Alpha Capital Partners, LLC.  The remaining allegations in Paragraph 8 are conclusions of law and therefore require no answer.

9.      Regarding Paragraph 9 of the Complaint, Defendants admit that Maxwell Baker is Operations Counsel for Alpha Capital Partners, LLC.  The remaining allegations in Paragraph 9 are conclusions of law and therefore require no answer.

10.      The allegations regarding jurisdiction that are contained in Paragraph 10 of the Complaint are conclusions of law and therefore require no answer.  To the extent this Court requires an answer be provided, however, the jurisdictional allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.      Regarding Paragraph 11 of the Complaint, Defendants deny the allegation that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  The remaining allegations in Paragraph 11 are conclusions of law and therefore require no answer.

12.      Regarding Paragraph 12 of the Complaint, Defendants admit that the dispute between Plaintiff and Defendants centers around a contract dated October 14, 2014 (the "Contract") by and between Tinian and LLHR Investments, LLC ("LLHR") for the provision of satellite television, high-speed Internet and other digital communications services to the owner and residents of that certain multi-family residential real estate development known as Park Place Landing (the "Property"), located at 270 Park Place Drive, Kenedy, Karnes County, Texas. Defendants deny any implied allegation that the parties' dispute is to be determined solely by the Contract.

13.      Regarding Paragraph 13 of the Complaint, Defendants deny that Section 4.4 of the Contract requires payment of the Infrastructure Acquisition Fee by the owner based solely on the

sale of the Property or change in control of owner because, among other things, the relevant language of the Contract as a whole beyond Section 4.4 is ambiguous.

14.     Regarding Paragraph 14 of the Complaint, Defendants admit that the amount of the Infrastructure Acquisition Fee is calculated based on the Agreement Year in which the Property sale or change in ownership occurs as set forth in Exhibit G to the Contract, but only to the extent the Infrastructure Acquisition Fee is due based on other provisions of the Contract and supporting documents.

15.     Regarding Paragraph 15 of the Complaint, Defendants admit that Section 8.1 of the Contract is accurately stated and that Section 8.1 is entitled, "Assignment."

16.     Regarding Paragraph 16 of the Complaint, Defendants admit that Alpha 270 Park Place, LLC and LLHR entered into a Purchase and Sale Agreement on or about March 15, 2018, ("LLHR-Alpha PSA") in which Alpha 270 Park Place, LLC agreed to purchase the Property as defined in the LLHR-Alpha PSA and related documents.  Defendants admit that the Closing of said transaction occurred on or about July 16, 2018.  Defendants also admit that Alpha 270 Park Place, LLC and LLHR entered into an Assignment and Assumption Agreement dated on or about July 16, 2018 involving the Contract.  Defendants deny the remaining allegations of Paragraph 16.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint. Defendants deny that the Contract required Defendants to provide 30 days' advance written notice of any proposed assignment to Circulo Park Place, LLC ("Circulo").

20.     Regarding Paragraph 20 of the Complaint, Defendants admit that Plaintiff notified Alpha 270 Park Place, LLC that Alpha 270 Park Place, LLC owed Plaintiff payment of the

Infrastructure Acquisition Fee as a result of the sale to Circulo.  But Defendants deny any allegation that Defendants were obligated under the Contract to pay the Infrastructure Acquisition Fee.  Defendants deny the remaining allegations of Paragraph 20.

21.     Regarding Paragraph 21 of the Complaint, Defendants admit that Alpha 270 Park Place, LLC and Circulo entered into a Purchase and Sale Agreement on or about November 30, 2019, ("Circulo-Alpha PSA") in which Circulo agreed to purchase the Property as defined in the agreement and related documents.  Defendants admit that the Closing of said transaction occurred on or about March 13, 2020.  Defendants also admit that Alpha 270 Park Place, LLC and Circulo entered into an Assignment and Assumption Agreement dated on or about March 13, 2020 involving the Contract.  Defendants deny the remaining allegations of Paragraph 21.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.  But Defendants deny any allegation that Defendants were obligated to pay the Infrastructure Acquisition Fee to Plaintiff.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Regarding Paragraph 24 of the Complaint, Defendants do not have sufficient information to admit or deny the allegation that Plaintiff has performed all of its duties under the Contract.  Defendants admit that Plaintiff did not "chill or in any way, slow the conveyance of the property to Circulo."  Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint that Plaintiff was forced to retain counsel or that Defendants were obligated to pay the Infrastructure Acquisition Fee to Plaintiff.  Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint does not require an answer.  To the extent an answer is required, Defendants deny the allegations.

27.     Regarding Paragraph 27 of the Complaint, Defendants deny the allegation that Defendants' acts constituted a breach of the Contract.  Defendants further deny the allegation that Plaintiff incurred substantial damages.

28.     Paragraph 28 of the Complaint does not require an answer.  To the extent an answer is required, Defendants deny the allegations.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint. Defendants deny any allegation that Defendants were obligated to pay the Infrastructure Acquisition Fee to Plaintiff.  Defendants therefore deny that Defendants received any benefit under the circumstances at Plaintiff's expense that would be unjust for Defendants to retain.

30.     Paragraph 30 of the Complaint does not require an answer.  To the extent an answer is required, Defendants deny the allegations.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint. Defendants deny the allegation that Defendants were obligated to pay the Infrastructure Acquisition Fee to Plaintiff and any allegation that Defendants stated that the payment of the Infrastructure Acquisition Fee was required of Defendants.  Defendants further assert that the allegations contained in Paragraph 31 fail to state a claim upon which relief can be granted because the allegations (1) do no provide fair notice of the claim, and (2) do not state factual allegations showing that the right to relief is plausible.  The allegations of Paragraph 31 of the Complaint contain only conclusions and a formulaic recitation of the elements of a claim for fraud, which is insufficient to demonstrate grounds for the Plaintiff to be entitled to relief under Rules 8 and 9(b) of the Federal Rules of Civil Procedure.  Factual allegations, before being taken as true, must be

enough to raise a right to relief above the speculative level. Plaintiff has wholly failed to specify the statements contended to be fraudulent, the identity of the speaker, when and where the statements were made, and explain why the statements were fraudulent. As a result, Plaintiff's claim for fraud should be dismissed.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint. Defendants further assert that the allegations contained in Paragraph 32 fail to state a claim upon which relief can be granted because the allegations (1) do no provide fair notice of the claim, and (2) do not state factual allegations showing that the right to relief is plausible. The allegations of Paragraph 32 of the Complaint contain only conclusions regarding a claim for fraud, which is insufficient to demonstrate grounds for the Plaintiff to be entitled to relief under Rules 8 and 9(b) of the Federal Rules of Civil Procedure. As a result, Plaintiff's claim for fraud should be dismissed.

33.     Paragraph 33 of the Complaint does not require an answer. To the extent an answer is required, Defendants deny the allegations.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint. Defendants deny the allegation that Defendants were obligated to pay the Infrastructure Acquisition Fee to Plaintiff. Defendants further deny the allegation that Plaintiff incurred substantial damages. Defendants deny the allegation that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Defendants further assert that the allegations contained in Paragraph 34 fail to state a claim upon which relief can be granted because the allegations (1) do no provide fair notice of the claim, and (2) do not state factual allegations showing that the right to relief is plausible. The allegations of Paragraph 34 of the Complaint contain only conclusions and a formulaic recitation of the elements of a claim for civil conspiracy, which is insufficient to demonstrate grounds for the Plaintiff to be entitled to relief under Rules 8

and 9(b) of the Federal Rules of Civil Procedure.  Factual allegations, before being taken as true, must be enough to raise a right to relief above the speculative level.  Plaintiff has wholly failed to specify the identity of the members of the conspiracy, the unlawful purpose or lawful purpose by unlawful means of the conspiracy, when and how a meeting of the minds occurred, and the unlawful overt act undertaken in furtherance of the conspiracy or the identity of the actor, and explain why the actions were unlawful.  As a result, Plaintiff's claim for civil conspiracy should be dismissed.

35.     Paragraph 35 of the Complaint does not require an answer.  To the extent an answer is required, Defendants deny the allegations.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint does not require an answer.

38.     Regarding the unnumbered Paragraph entitled "Prayer," Defendants deny that Plaintiff is entitled to any judgment against Defendants, whether individually or jointly and severally.  Defendants further deny that Plaintiff is entitled to any attorneys' fees and expenses incurred in bringing this action or to any other relief, including but not limited to costs of suit, interest or any other damages/relief.

## B.  AFFIRMATIVE DEFENSES

39.     Defendants raise the following affirmative defenses, but reserve the right to amend this Answer, as may be authorized by the Court and/or as may be permitted by the rules, to raise any additional affirmative defenses which Defendants may have against Plaintiff's claims.

40.     Pleading further and in the alternative, without waiver of the foregoing, Plaintiff's claim for recovery of the Infrastructure Acquisition Fee detailed in the Contract fails due to lack

of consideration, in whole or in part.  Under the circumstances alleged by Plaintiff, the obligation of the Infrastructure Acquisition Fee fails due to a lack of consideration.

41.     Pleading further and in the alternative, without waiver of the foregoing, Plaintiff's claims are barred, in whole or in part, because the provisions of the Contract on the basis of which Plaintiff seeks to recover against Defendants are too ambiguous to give rise to a legal debt or duty on the part of Defendants.  The Infrastructure Acquisition Fee should either be paid (1) once by LLHR, or (2) upon the termination of the Contract (which has yet to occur based on information and belief).

42.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff because Defendants' payment of the Infrastructure Acquisition Fee was excused due to impracticability of performance.

43.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff because enforcement of the payment of the Infrastructure Acquisition Fee would be unconscionable in light of Circulo's and Tinian's continuing obligations under the Contract.

44.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff because Plaintiff ratified Defendants' interpretation of the Contract regarding non-payment of any Infrastructure Acquisition Fee upon a transfer of ownership of the Property by failing to demand such payment from LLHR.

45.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff because Plaintiff waived Defendants' payment of any Infrastructure Acquisition Fee upon a transfer of ownership of the Property by failing to demand such payment from LLHR.

46.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff for the amount of damages claimed because Plaintiff did not mitigate its damages upon the transfer of ownership of the Property by failing to demand such payment from LLHR.

47.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff because a condition subsequent listed in the Contract occurred and excused Defendants' from payment of any Infrastructure Acquisition Fee, which included the assumption by Circulo of the Defendants' obligations under the continuing Contract.

48.     Pleading further and in the alternative, without waiver of the foregoing, Defendants are not liable to Plaintiff because of a unilateral or mutual mistake of fact regarding payment of any Infrastructure Acquisition Fee prior to termination of the Contract when the obligations of the Contract are assumed by a subsequent owner and Tinian's obligations under the Contract remain in force.

49.     Pleading further and in the alternative, without waiver of the foregoing, Plaintiff is estopped from suing on the Contract for payment of any Infrastructure Acquisition Fee by failing to demand such payment from LLHR.

50.     Pleading further and in the alternative, without waiver of the foregoing, Plaintiff's equitable claim for unjust enrichment fails to the extent the Contract and related agreements govern the subject matter of Plaintiff's claim for damages.

51.     Pleading further and in the alternative, without waiver of the foregoing, although Defendants deny Plaintiff's right to the recovery of any damages, Defendants reserve the right to challenge the reasonableness and necessity of any legal fees sought by Plaintiff.

52.      Pleading further and in the alternative, without waiver of the foregoing, Defendants assert that Plaintiff's fraud allegations fail to state a claim upon which relief can be granted because the allegations (1) do no provide fair notice of the claim, and (2) do not state factual allegations showing that the right to relief is plausible.   The Plaintiff's fraud allegations contain only conclusions and a formulaic recitation of the elements of a claim for fraud, which is insufficient to demonstrate grounds for the Plaintiff to be entitled to relief under Rules 8 and 9(b) of the Federal Rules of Civil Procedure.   Factual allegations, before being taken as true, must be enough to raise a right to relief above the speculative level.   Plaintiff has wholly failed to specify the statements contended to be fraudulent, the identity of the speaker, when and where the statements were made, and explain why the statements were fraudulent.   As a result, Plaintiff's claim for fraud should be dismissed.   Defendants will expand on this defense via formal motion at a later date.

53.      Pleading further and in the alternative, without waiver of the foregoing, Defendants assert that Plaintiff's civil conspiracy allegations fail to state a claim upon which relief can be granted because the allegations (1) do no provide fair notice of the claim, and (2) do not state factual allegations showing that the right to relief is plausible.   The Plaintiff's civil conspiracy allegations contain only conclusions and a formulaic recitation of the elements of a claim for civil conspiracy, which is insufficient to demonstrate grounds for the Plaintiff to be entitled to relief under Rules 8 and 9(b) of the Federal Rules of Civil Procedure.   Factual allegations, before being taken as true, must be enough to raise a right to relief above the speculative level.   Plaintiff has wholly failed to specify the identity of the members of the conspiracy, the unlawful purpose or lawful purpose by unlawful means of the conspiracy, when and how a meeting of the minds occurred, and the unlawful overt act undertaken in furtherance of the conspiracy or the identity of the actor, and explain why the actions were unlawful.   As a result, Plaintiff's claim for civil

conspiracy should be dismissed.  Defendants will expand on this defense via formal motion at a later date.

54.     Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Alpha Capital Partners LLC ("Alpha, LLC"), which is a company formed under the laws of Delaware with no principal place of business in Texas.  This Court does not have specific jurisdiction over Alpha LLC because Alpha, LLC did not purposefully direct its activities to Texas and Plaintiff's claims do not arise from or relate to Alpha, LLC's contacts with Texas.  Further, this Court does not have general jurisdiction over Alpha, LLC because Alpha, LLC has not had continuous or systematic contacts that render it at home in Texas.  This Court's assumption of jurisdiction over Alpha, LLC and its property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.  The Court should decline to exercise jurisdiction over Alpha, LLC.  Defendants will expand on this defense via formal motion at a later date.

55.     Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Akinjide Famuagun, who is an individual domiciled in Pennsylvania.  This Court does not have specific jurisdiction over Mr. Famuagun because Mr. Famuagun did not purposefully direct his activities to Texas and Plaintiff's claims do not arise from or relate to Mr. Famuagun's contacts with Texas.  In addition, Mr. Famuagun's only alleged contacts with Texas occurred in his corporate capacities and the fiduciary-shield doctrine applies.  Next, this Court does not have general jurisdiction over Mr. Famuagun because Mr. Famuagun has not had continuous or systematic contacts that render him at home in Texas.  This Court's assumption of jurisdiction over Mr. Famuagun and his

property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.  The Court should decline to exercise jurisdiction over Defendant, Akinjide Famuagun.  Defendants will expand on this defense via formal motion at a later date.

56.     Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Lawunmi Famuagun, who is an individual domiciled in Pennsylvania.  This Court does not have specific jurisdiction over Mrs. Famuagun because Mrs. Famuagun did not purposefully direct her activities to Texas and Plaintiff's claims do not arise from or relate to Mrs. Famuagun's contacts with Texas. In addition, Mrs. Famuagun's only alleged contacts with Texas occurred in her corporate capacities and the fiduciary-shield doctrine applies.  Next, this Court does not have general jurisdiction over Mrs. Famuagun because Mrs. Famuagun has not had continuous or systematic contacts that render her at home in Texas.  This Court's assumption of jurisdiction over Mrs. Famuagun and her property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.  The Court should decline to exercise jurisdiction over Defendant, Lawunmi Famuagun.  Defendants will expand on this defense via formal motion at a later date.

57.     Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Thomas McGahan, who is an individual domiciled in Pennsylvania.  This Court does not have specific jurisdiction over Mr. McGahan because Mr. McGahan did not purposefully direct his activities to Texas and Plaintiff's claims do not arise from or relate to Mr. McGahan's contacts with Texas.  In addition, Mr. McGahan's only alleged contacts with Texas occurred in his corporate capacities

and the fiduciary-shield doctrine applies.  Next, this Court does not have general jurisdiction over Mr. McGahan because Mr. McGahan has not had continuous or systematic contacts that render him at home in Texas.  This Court's assumption of jurisdiction over Mr. McGahan and his property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.  The Court should decline to exercise jurisdiction over Defendant, Thomas McGahan.  Defendants will expand on this defense via formal motion at a later date.

58.     Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Marc Munichman, who is an individual domiciled in North Carolina.  This Court does not have specific jurisdiction over Mr. Munichman because Mr. Munichman did not purposefully direct his activities to Texas and Plaintiff's claims do not arise from or relate to Mr. Munichman's contacts with Texas.  In addition, Mr. Munichman's only alleged contacts with Texas occurred in his corporate capacities and the fiduciary-shield doctrine applies.  Next, this Court does not have general jurisdiction over Mr. Munichman because Mr. Munichman has not had continuous or systematic contacts that render him at home in Texas.  This Court's assumption of jurisdiction over Mr. Munichman and his property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.  The Court should decline to exercise jurisdiction over Defendant, Marc Munichman.  Defendants will expand on this defense via formal motion at a later date.

59.     Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Erik Fargo, who is an individual domiciled in Ohio.  This Court does not have specific jurisdiction over Mr. Fargo

because Mr. Fargo did not purposefully direct his activities to Texas and Plaintiff's claims do not arise from or relate to Mr. Fargo's contacts with Texas.  In addition, Mr. Fargo's only alleged contacts with Texas occurred in his corporate capacities and the fiduciary-shield doctrine applies. Next, this Court does not have general jurisdiction over Mr. Fargo because Mr. Fargo has not had continuous or systematic contacts that render him at home in Texas.  This Court's assumption of jurisdiction over Mr. Fargo and his property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. The Court should decline to exercise jurisdiction over Defendant, Erik Fargo.  Defendants will expand on this defense via formal motion at a later date.

60.    Pleading further and in the alternative, without waiver of the foregoing, Defendants object to this Court's exercise of personal or general jurisdiction over Defendant, Maxwell Baker, who is an individual domiciled in Pennsylvania.  This Court does not have specific jurisdiction over Mr. Baker because Mr. Baker did not purposefully direct his activities to Texas and Plaintiff's claims do not arise from or relate to Mr. Baker's contacts with Texas.  In addition, Mr. Baker's only alleged contacts with Texas occurred in his corporate capacities and the fiduciary-shield doctrine applies.  Next, this Court does not have general jurisdiction over Mr. Baker because Mr. Baker has not had continuous or systematic contacts that render him at home in Texas.  This Court's assumption of jurisdiction over Mr. Baker and his property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.  The Court should decline to exercise jurisdiction over Defendant, Maxwell Baker.  Defendants will expand on this defense via formal motion at a later date.

## **PRAYER**

61.     Accordingly, Defendants, Alpha Capital Partners LLC; Alpha 270 Park Place LLC;

Akinjide Famuagun; Lawunmi Famuagun; Thomas McGahan; Marc Munichman; Erik Fargo and

Maxwell Baker respectfully pray that, upon final disposition of this case, Plaintiff take nothing by

reason of Plaintiff's allegations against Defendants and that this Court grant Defendants such other

relief to which they may be entitled, including but not limited to reimbursement for the attorney's

fees and costs incurred by Defendants in responding to and defending the allegations raised against

them in Plaintiff's Complaint.  Defendants further ask the Court to award Defendants all other

relief the Court deems appropriate.

Respectfully submitted,


_/s/ Jason R. Grill_
Jason R. Grill
Texas State Bar No.24002185
jason.grill@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
281.203.5701 (facsimile)

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of August 2020, I filed the foregoing "Defendants' Answer to Plaintiff's Complaint" with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to:

James N. Floyd
THE FLOYD FIRM
P.O. Box 101021
Fort Worth, Texas 76185
jim@thefloydfirm.com
*Attorney for Plaintiff, Tinian Systems, LLC*
*d/b/a Tinian Communications*

*/s/ Jason R. Grill*
Jason R. Grill